# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MITCHELL KEITH GOODRUM,<br><br>   Plaintiff,<br><br>   v.<br><br>OVERLAND HOTEL AND CASINO, *et. al.*,<br><br>   Defendants. | Case No. 3:24-CV-00009-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Mitchell Keith Goodrum's ("Goodrum") application to proceed *in forma pauperis* (ECF No. 4), motion for leave to file civil rights complaint, (ECF No. 1-1 at 1), and *pro se* civil rights complaint (ECF No. 1-1 at 2-13). For the reasons stated below, the Court recommends that the *in forma pauperis* application, (ECF No. 4), be granted, the complaint, (ECF No. 1-1), be dismissed, with prejudice, and the motion for leave to file civil rights complaint, (ECF No. 1-1), be denied as moot.

**I.   IN FORMA PAUPERIS APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed [IFP]. The application must be made on the

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Goodrum is unable to pay the filing fee. Accordingly, the Court recommends that the IFP application, (ECF No. 4), be granted.

## II.     SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must

1  accept as true all well-pled factual allegations, set aside legal conclusions, and verify
2  that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S.
3  662, 679 (2009). The complaint need not contain detailed factual allegations, but must
4  offer more than "a formulaic recitation of the elements of a cause of action" and "raise a
5  right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is
6  taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies
7  to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).
8  Still, a liberal construction may not be used to supply an essential element of the claim
9  not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is
10 appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice
11 of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v.*
12 *United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

**III.   SCREENING OF COMPLAINT**

In the complaint, Goodrum sues Defendants Overland Hotel and Casino, owner David Barkley, and employee Deanna Douglas (collectively referred to as "Defendants") under 42 U.S.C. § 1983 for violations of his constitutional rights and for negligence under Nevada law. (*See* ECF No. 1-1 at 2-13.) Goodrum alleges that he was charged with murder in March of 2017 and is currently serving a life sentence for that crime. The Overland Hotel and Casino is where the incident took place that led to the murder charge. David Barkley is the owner of the hotel. Deanna Douglas is an employee of the hotel and was a witness to the incident and testified at Goodrum's trial. Goodrum alleges that Defendants conspired to give false testimony and evidence in connection with Goodrum's criminal trial, and thus, violated Goodrum's civil rights. (*See id.*)

On September 22, 2020, Goodrum filed a nearly identical lawsuit to the instant lawsuit. *See Goodrum v. Overland Hotel and Casino, et. al.*, 3:20-cv-00542-MMD-WGC at ECF No. 6 ("*Overland Hotel I*"). In *Overland Hotel I*, Goodrum sued Defendants Overland Hotel and Casino, David Barkley, and Deanna Douglas based on the same facts and circumstances of the instant lawsuit. *See id.* In *Overland Hotel I*, a Report and

Recommendation ("R&R") was issued regarding the Complaint. *See id.* at ECF No. 4. Specifically, the R&R recommended that Goodrum's § 1983 claims be dismissed with prejudice as to all defendants because the Overland Hotel and Casino, David Barkley, and Deanna Douglas are not public actors, but were working privately as a business at all times relevant to this case. *Id.* Further, the R&R recommended that to the extent Goodrum wished to pursue his negligence theory, that state law claim should be dismissed without prejudice so that Goodrum may do so in state court. *Id.* The District Court agreed with the R&R and adopted the R&R in full. ECF No. 5.

Here, the claims raised in Goodrum's complaint against the Overland Hotel and Casino, David Barkley, and Deanna Douglas are directly related to those raised in *Overland Hotel I*. (*Compare* ECF No. 1-1 in 3:24-cv-0009-MMD-CLB, *with* ECF No. 6 in 3:20-cv-00542-MMD-WGC.) Because the complaints in both cases are nearly identical, they are duplicative. Further, the Court already dismissed with prejudice Goodrum's § 1983 claims against these defendants. Thus, such claims are improperly raised in the complaint in the instant case and should be dismissed as frivolous. Courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious under § 1915(e). *See Cato*, 70 F.3d at 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims).

Accordingly, the Court recommends that Goodrum's complaint be dismissed with prejudice, as amendment would be futile.

**IV.   CONCLUSION**

For good cause appearing and for the reasons stated above, the Court recommends that Goodrum's IFP application, (ECF No. 4), be granted, his complaint, (ECF No. 1-1), be dismissed, with prejudice, as amendment would be futile, and his motion for leave to file complaint, (ECF No. 1-1), be denied as moot.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Goodrum's application to proceed *in forma pauperis*, (ECF No. 4), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Goodrum not be required to pay an initial installment fee. Nevertheless, the full filing fee should still be due, even if this action is dismissed or is otherwise unsuccessful, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. The order granting IFP status should not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER RECOMMENDED** that the Nevada Department of Corrections pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **MITCHELL KEITH GOODRUM, #1213846** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1 at 2-13).

**IT IS FURTHER RECOMMENDED** that the complaint, (ECF No. 1-1 at 2-13), be **DISMISSED, WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the motion for leave to file complaint, (ECF No. 1-1 at 1), be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

DATED: February 12, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**