UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MITCHELL KEITH GOODRUM,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>OVERLAND HOTEL AND CASINO, *et al*.,<br><br>　　　　　　　　　Defendants. | Case No. 3:24-cv-00009-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Mitchell Goodrum filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 4), a motion for leave to file a civil rights complaint (ECF No. 1-1 at 1), and a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1 at 2-13 ("Complaint")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin, recommending that the Court grant Plaintiff's IFP application, dismiss his Complaint with prejudice, and deny his motion for leave to file a civil rights complaint as moot. (ECF No. 5.) Objections to the R&R were due February 26, 2024. (*See id.*) To date, Goodrum has not objected to the R&R. For this reason, and as further explained below, the Court will adopt the R&R in full and will dismiss this action with prejudice.

　　　　Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original).

　　　　First, as to Plaintiff's IFP application, the Court agrees with Judge Baldwin that Goodrum has demonstrated his inability to pay the filing fee. (ECF No. 5 at 1-2.) *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. The Court thus grants the IFP application (ECF No. 4).

Judge Baldwin next screens the Complaint under 28 U.S.C. § 1915A. A complaint in an IFP action is subject to dismissal when the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted). Judge Baldwin recommends dismissal because Goodrum names only private actors—Overland Hotel and Casino, owner David Barkley, and employee Deanna Douglas—in his Section 1983 Complaint. (ECF No. 5 at 3-4.) Goodrum previously filed a nearly identical lawsuit involving the same defendants and same facts and circumstances in September 2020. *See Goodrum v. Overland Hotel and Casino, et. al.*, 3:20-cv-00542-MMD-WGC at ECF Nos. 4, 5, 6. In that case, the Court adopted an R&R dismissing Goodrum's Section 1983 claims with prejudice because Defendants are private actors, not acting under color of state law. *See id.* at ECF No. 5. The Court also dismissed Goodrum's negligence state law claim without prejudice, to allow Goodrum to pursue that claim in state court. *See id.* Because the claims raised in Goodrum's Complaint in the current action are directly related to those already dismissed by the Court in the earlier action, the Court agrees with Judge Baldwin that the new claims are improperly raised and should be dismissed as frivolous. (ECF No. 5 at 4.) *See* § 1915(e); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims).

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 5) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP application (ECF No. 4) is granted.

It is further ordered that Goodrum is not required to pay an initial installment fee. However, the full filing fee will still be due under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

///

It is further ordered that the Nevada Department of Corrections is directed to pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Mitchell Keith Goodrum, #1213846 (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

The Clerk of Court is further directed to file the Complaint (ECF No. 1-1 at 2-13).

It is further ordered that Plaintiff's Complaint (ECF No. 1-1 at 2-13) is dismissed with prejudice.

It is further ordered that Plaintiff's motion for leave to file a civil rights complaint (ECF No. 1-1) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 8th Day of March 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE